UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID R. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04605-TWP-MJD |
| | ) | |
| JOHN MARTOCCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

**I.**
**Screening Standard**

The events underlying the plaintiff's complaint occurred while he was incarcerated at Marion County Jail II in Indianapolis, Indiana. Although the plaintiff is no longer a prisoner, he is proceeding pro se and was granted *in forma pauperis* status. Accordingly, the complaint is now subject to screening based on 28 U.S.C. § 1915(e)(2) and the Court's inherent authority. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

The Court will dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

[the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint alleges that the plaintiff was transported to Marion County Jail II to be placed on GPS monitoring upon his release from the Indiana Department of Correction. After waiting a few days, the plaintiff inquired about why it was taking so long for him to be released from custody. He was told that the jail's computer system showed that Bartholomew County had issued a hold for him that would expire in a week. The plaintiff alleges that there was no hold issued against him by Bartholomew County. He further alleges that he was unjustly detained in Marion County Jail II for approximately a week due to the negligence of Bartholomew County Jail Commander John Martoccia who did not correct the error in the computer system. The plaintiff seeks injunctive relief and money damages.

## III.
## Dismissal of Complaint

The complaint is **dismissed** because allegations of negligence are not sufficient to support a § 1983 claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

## IV.
## Opportunity to Show Cause or Amend Complaint

The plaintiff shall have **through March 18, 2020,** in which to show cause why Judgment consistent with this Order should not issue or to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

Any amended complaint should have the proper case number, 1:19-cv-04605-TWP-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915(e)(2). If no amended complaint or response to the opportunity to show cause is filed, this action will be dismissed without further notice.

**IT IS SO ORDERED.**

Date: 2/18/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID R. YOUNG
8959 S. Peoga Rd.
Trafalgar, IN 46181